IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE MARISCAL FAUSTO,

                                         Case No. 6:14-cv-00966-JE

        Petitioner,

    v.

JEFF PREMO,

                                 FINDINGS AND RECOMMENDATION

        Respondent.

      Jose Mariscal Fausto
      Calle Carlos Cabanillas 926
      Col. Echeverria C.P. 44970
      Guadalajara Jalisco
      Mexico

        Petitioner, *Pro Se*

      Ellen F. Rosenblum, Attorney General
      Kristen E. Boyd, Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, Oregon 97310

        Attorneys for Respondent

   1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Sexual Abuse. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

## BACKGROUND

Following a bench trial, petitioner was convicted in Marion County of two counts of Sexual Abuse in the First Degree for crimes he committed against a five-year-old victim. Respondent's Exhibit 102. As a result, the trial court sentenced petitioner to 75 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal, but his attorney filed a *Balfour* brief when he was unable to find any meritorious issues to present.[1] The Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Mariscal-Fausto*, 237 Or. App. 211, 238 P.3d 1034 (2010), *rev. denied*, 349 Or. 603, 249 P.3d 124 (2011).

---

[1] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991). The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 452. Petitioner in this case ultimately raised a single evidentiary claim in a *pro se* supplemental brief, but the issue is not before this court for consideration. Respondent's Exhibit 107.

2 - FINDINGS AND RECOMMENDATION

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on his claims. Respondent's Exhibit 136. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Fausto v. Nooth*, 258 Or. App. 682, 311 P.3d 1252, *rev. denied*, 354 Or. 597, 318 P.3d 749 (2013).

Petitioner filed this federal habeas corpus case on June 16, 2014 raising the following claims:

1.    Trial counsel was ineffective when he pressured petitioner to sign a jury waiver he did not fully understand;

2.    Trial counsel was ineffective when he failed to conduct an adequate investigation of the case insofar as he did not contact and interview relevant witnesses;

3.    Trial counsel was ineffective when he failed to present an actual innocence defense during trial; and

4.    Trial counsel was ineffective when he failed to move for a judgment of acquittal based upon the destruction of evidence.

Respondent asks the court to deny relief on the Petition because: (1) petitioner failed to fairly present Ground Four to the Oregon state courts, and the claim is now procedurally defaulted; and (2) the PCR trial court's decision denying relief on Grounds One, Two, and Three was neither contrary to, nor an unreasonable application of, U.S. Supreme Court precedent. Although

3 - FINDINGS AND RECOMMENDATION

petitioner's supporting memorandum was due on March 17, 2015, he has not filed any such brief with the court.[2]

## DISCUSSION

### I.  Exhaustion and Procedural Default

#### A.    Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards*

---

[2]  Petitioner did file an undated Notice of Change of Address on May 1, prompting respondent to re-serve its responsive documents on petitioner at his new address on May 7.

*v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.    Analysis**

As Ground Four, petitioner alleges that his trial attorney was deficient when he did not move for a judgment of acquittal predicated upon the alleged destruction of evidence by an investigating police officer. Petitioner raised this same claim in his PCR Petition. Respondent's Exhibit 112, p. 4. He did not, however, pursue the claim in his Appellant's Brief. Respondent's Exhibit 137. Because petitioner can no longer present his Ground Four claim to the Oregon Court of Appeals, the claim is now procedurally defaulted, and petitioner has not attempted to excuse the default.

## II.   **The Merits**

### A.   **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires

the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

B.    **Analysis**

1.    **Ground One: Jury Waiver**

According to petitioner, his trial attorney rendered ineffective assistance of counsel when he pressured petitioner into waiving his right to a jury trial without fully explaining the waiver to him. Petitioner claims he believed only some of the jurors would be removed from the jury and was unaware he was signing away his right to a jury altogether.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v.*

*Mirzayance*, 556 U.S. 111, 122-23 (2009).   First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness.   *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).   Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."   *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense.   The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial.   *Id* at 696.   When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review."   *Mirzayance*, 129 S.Ct. at 1420.

Trial counsel submitted an Affidavit for consideration during petitioner's PCR trial addressing this claim:

> I did not pressure Mr. Mariscal-Fausto into waiving a jury trial.   It is my belief that I fully explained to him the rights he would be giving up by waiving jury, and did so with the assistance of a Spanish interpreter.   At no time did I tell him, or in any way indicate to him, that his case still would be heard by one or more jurors if he signed the jury waiver.

8 - FINDINGS AND RECOMMENDATION

> The jury waiver form itself unequivocally
> states to the contrary, *i.e.*, that the judge
> would decide all issues of fact relating to
> guilt and sentencing as a result of waiving
> the right to a jury trial. *See* [Respondent's]
> Exhibit [131].
>
> Moreover, it is my recollection that, before
> she accepted his waiver, Judge Tripp went over
> the jury waiver form and the rights discussed
> therein with Mr. Mariscal-Fausto on the record
> and with the assistance of an interpreter. I
> have no reason to believe that his jury waiver
> was anything other than knowingly,
> voluntarily, and intelligently made. Any
> claim that the outcome of Mr. Mariscal-
> Fausto's case would have been different had we
> not waived jury would be pure speculation.

Respondent's Exhibit 134, pp. 1-2.

   The PCR trial court rejected petitioner's claim as follows:

> There is a signed jury waiver. I've read the
> transcript. The court discussed the waiver
> with petitioner. This court finds that both
> the court and the attorney explained that
> there would be no jury and that the judge
> would decide the case. There is no proof that
> the verdict would have been any different if
> there had been a jury.

Respondent's Exhibit 135, pp. 13-14.

   The PCR trial court determined that both trial counsel and the
court explained to petitioner that there would be no jury.  These
factual findings are entitled to a presumption of correctness which
petitioner has not overcome with clear and convincing evidence to
the contrary.  28 U.S.C. § 2254(e)(1).  Taking these facts as
true, counsel's performance did not fall below an objective
standard of reasonableness.  Accordingly, the PCR trial court's

decision is neither contrary to, nor an unreasonable application of, clearly established federal law.

## 2.    Ground Two: Adequacy of Investigation

Petitioner next alleges that trial counsel's performance was deficient when he failed to contact and interview: (1) Mr. and Ms. Aurelio Camacho; (2) Carmen Mercado; (3) Carlos Mercado; (4) Aracelia Ambrocio; (5) FG (a fourteen year-old witness for the State); and (6) Alejandro (the victim's brother-in-law). He claims that had counsel contacted these individuals, he would not have been convicted.

During his PCR trial, petitioner submitted affidavits from the Camachos and Aracelia Ambrocio wherein they generally stated that petitioner was a person of good character. Respondent's Exhibits 117-119. Trial counsel submitted an affidavit which addressed the issue as follows:

> I did not fail to conduct adequate investigation of the case prior to trial. I requested that our office investigator, Peter DeMuniz, contact and interview Mr. Mariscal-Fausto's neighbors, Aurelio Camacho and Carlos Mercado. It is my information and belief that Mr. DeMuniz complied with my request and also took several photographs and a video of the location. He and I discussed the results of his contacts and I thereafter concluded that the neighbors would not be helpful to our defense.
>
> [FG] in fact did testify at trial: she was the State's primary witness against Mr. Mariscal-Fausto. I recall the essence of her testimony to have been that she saw the purported events involving the alleged victim. It is my

recollection that, when confronted on cross-examination, she admitted her vantage point was (I believe) over 75 feet away and her view was blocked by a fence, a line of trees, and several cars in a parking lot. It is my recollection that Ms. Garcia further claimed to have stood on her family's couch in order to see the things to which she testified.

I can find no mention of Aracelia Ambrocio or "Alejandro" in the police reports, nor are these persons named in any file notes as having been suggested as potential witnesses by Mr. Mariscal-Fausto. I have no basis upon which to speculate as to what helpful information, if any, these individuals might have provided on his behalf.

Respondent's Exhibit 134, p. 2.

The PCR trial court concluded:

The investigator did speak to witness Camacho, but the attorney didn't call that person since there was no testimony that would be helpful to the actual issue of guilt or innocence.

There is no proof that the attorney knew of Alejandro or the Ambrocio witness, or that they would have had evidence concerning guilt or innocence, and that their testimony could have affected the outcome.

Respondent's Exhibit 135, p. 14.

The record reveals that petitioner failed to provide the PCR trial court with any independent evidence from which it could conclude that the individuals he names could have presented information helpful to his defense. Indeed, the affidavits petitioner presented spoke only of his general character and thus had no bearing on the facts of the case. Accordingly, counsel's performance did not fall below an objective standard of

reasonableness and, even assuming it did, petitioner failed to prove he was prejudiced by any such failing. *See Horn v. Hill*, 180 Or. App. 139, 148-49, 41 P.3d 1127 (2002) ("Where evidence omitted from a criminal trial is not produced in a post-conviction proceeding . . . its omission cannot be prejudicial"); *see also Dows v. Wood,* 211 F.3d 480, 486-87 (9th Cir. 2000) (petitioner's self-serving affidavit regarding potential testimony of another is insufficient to prove ineffective assistance of counsel). For all of these reasons, the PCR trial court did not unreasonably apply *Strickland* to the facts of petitioner's case when it denied relief on this claim.

### 3.   <u>Ground Three: Defense of Actual Innocence</u>

As his final claim, petitioner contends trial counsel was constitutionally ineffective when he failed to present a defense of actual innocence. Because the PCR trial court did not make any findings as on this issue, the court conducts an independent review of the record as to this claim.

During his PCR trial, petitioner argued that his trial attorney only argued reasonable doubt and never actually asserted that petitioner was actually innocent of his charges.[3] His trial attorney's affidavit addressed this claim as follows:

---

[3]   In his own PCR affidavit, petitioner merely claimed "I never should have been convicted because I was innocent of these crimes." Respondent's Exhibit 116, p. 3.

12 - FINDINGS AND RECOMMENDATION

> The trial transcript should speak for itself
> as to the defense strategy and theory of the
> case.   We made what I believe to have been
> strong challenges to the State's evidence; and
> it is my recollection that Mr. Mariscal-Fausto
> took the stand and testified that he did not
> commit the crimes alleged.

Respondent's Exhibit 134, p. 3.

A review of the trial transcript reveals that petitioner did, in fact, take the stand in his own defense and counsel specifically asked him whether he had sexually abused the victim:

> Counsel:  When . . . do you recall being asked if you
> had ever touched [A.G.] between her legs?
>
> Pet'r:  Yeah, I mean I remember saying no that I had
> never touched any . . . not just her but any
> other girl.
>
> Counsel:  And do you remember being asked if it could
> have been by accident?
>
> Pet'r:  Yeah he said could that have . . . could you
> have accidentally touched her and I said no.
>
> Counsel: Did you ever touch [A.G.] in her genital area?
>
> Pet'r:   Never.

Respondent's Exhibit 105, p. 67.

Not only did counsel give petitioner an opportunity to claim he had never touched the victim inappropriately, but also argued to the court that "it just doesn't make sense why someone would engage in some sort of blatant molestation of a little girl in broad daylight in front of all of these windows that could have potential[] witnesses and by the way, witnesses that we don't have here today." *Id* at 84.   He also argued that the State had not

13 - FINDINGS AND RECOMMENDATION

established that "anything even actually happened[.]" *Id.* Although counsel stressed that the State had not succeeded in meeting its burden of proof, this was a sound strategic decision where the State's failure to meet its burden was a lower threshold to satisfy than an affirmative showing of actual innocence.   It is also difficult to see what other evidence of innocence counsel could have proffered aside from petitioner's own testimony.   For all of these reasons, upon an independent review of the record, the PCR trial court's decision is neither contrary to, nor an unreasonable application of, clearly established federal law.

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be DENIED and a judgment should be entered dismissing this case with prejudice.   The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge.   Objections, if any, are due within 17 days.   If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response

14 - FINDINGS AND RECOMMENDATION

is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this ___1st___ day of June, 2015.

John Jelderks
United States Magistrate Judge

15 - FINDINGS AND RECOMMENDATION